# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

DONELL THOMPSON, JR.,         )
                       )
       Plaintiff,         )
                       )
v.                       )      Case No. CIV-23-962-SLP
                       )
FNU LNU,             )
                       )
       Defendant.      )

## O R D E R

Before the Court is the Report and Recommendation  [Doc. No. 17] (R.&R.), issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).   Plaintiff, a state pretrial detainee appearing pro se, seeks civil rights relief, alleging unlawful detention at the Stephens County Detention Center.   Judge Mitchell recommends abstention under *Younger v. Harris*, 401 U.S. 37 (1971) because Plaintiff's claims implicate the validity of his detention pending a state criminal prosecution.[1]  Judge Mitchell further recommends staying this action until Plaintiff's state criminal case is completed.

Plaintiff has filed an objection to the R.&R. [Doc. No. 19] and has also filed a document entitled "Amendment to CIV-23-00962-SLP" which has been docketed as a Supplement [Doc. No. 18].   Accordingly, the Court must make a de novo determination

---

[1] The Court takes judicial notice of the docket in Plaintiff's pending criminal action in the District Court of Stephens County, State of Oklahoma, *State v. Thompson*, Case No. CM-23-331, available at www.oscn.net.

of those issues specifically raised by the objection, and may accept, modify, or reject the recommended decision.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Having conducted this de novo review, the Court concurs with the Magistrate Judge's analysis.  The Court dismisses Plaintiff's claims to the extent Plaintiff seeks any form of equitable relief.  The Court stays Plaintiff's remaining claims to the extent Plaintiff seeks monetary damages.

## I.   <u>Background</u>

Plaintiff's detention at the Stephens County Detention Center arises from the filing of an Information on October 6, 2023 charging Plaintiff with a misdemeanor offense of obstruction of an officer in violation of Okla. Stat. tit. 21, § 540.  On that same date, the Stephens County District Court found probable cause to detain Plaintiff on the charge. Plaintiff's case is currently set on the March 5, 2024 docket call.

On October 23, 2023, Plaintiff initiated this action with the filing of a Complaint [Doc. No. 1].  Plaintiff's allegations are conclusory.  He alleges:

> I am being held at Stephen [sic] County Detention Center under felonius [sic] Restraint by way of Deprivation of Rights under Color of Rights against my free will against my Master Affidavit Specific Averment, Letter of Indemnification, Hold Harmless Agreement, Specific Power of Attorney, and Title of Origin.
> Waupaca County Court House is holding my states in standing documents and I am demanding all documents to be release to you on my behalf plus all additional filings under the Name and Status Donnell Thompson Jr., [Social Security Number], Birth Certificate and Trust Document from the IRS DONE of the THOMPSON JR family GRANTOR of the Donnell Thompson JR, DONELL of the THOMPSON family TTEE.

Compl. at 1. Arguably, Plaintiff's allegations are so conclusory that dismissal on this basis alone is warranted. *See* Fed. R. Civ. P. 8(a). However, applying a liberal construction, *see Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008), the Court agrees with the Magistrate Judge that Plaintiff appears to bring a claim seeking civil rights relief for his unlawful detention.

Subsequent to the filing of the Complaint in this action, Plaintiff has twice attempted to remove his criminal action pending in Stephens County, State of Oklahoma, to this federal judicial district. The removal efforts have been rejected as procedurally improper. *See State of Oklahoma v. Donell Thompson, Jr.*, Case No. CIV-23-1080-HE, Remand Order dated January 11, 2024 [Doc. No. 5]; *State of Oklahoma v. Donell Thompson, Jr.*, Case No. CIV-24-126-SLP, Remand Order dated February 6, 2024 [Doc. No. 4].

## II.   Discussion

The Magistrate Judge construed Plaintiff's Complaint to raise claims that "implicate the validity of his detention pending a state criminal prosecution." R.&R. at 1. In his filings subsequent to the R.&R., Plaintiff continues to make allegations related thereto. *See, e.g.*, Doc. No. 18 ("they want to give me a year with no evidence"); *see also* Doc. No. 19 at 2 ("my detention pending is a criminal act"). Based on the nature of Plaintiff's claims, this Court concurs with the finding of the Magistrate Judge that *Younger* abstention

is proper as to Plaintiff's claims.  *See* R.&R. at 1-4; *see also Graff v. Aberdeen Enterprizes, II, Inc*., 65 F.4th 500, 523 (10th Cir. 2023).[2]

In his Objection, Plaintiff argues that "postpon[ing] the exercise of jurisdiction over this matter" is improper but does not articulate any legitimate basis to demonstrate abstention is unwarranted and otherwise fails to directly challenge the Magistrate Judge's *Younger* findings.   Moreover, as the Magistrate Judge found, Plaintiff's mere allegations of bad faith or harassment or retaliatory animus are insufficient.  R.&R. at 4-5, n. 3 (citing *Phelps v. Hamilton*, 122 F.3d 885, 889-90 (10th Cir. 1997).  Accordingly, for the reasons set forth in the R.&R., the Court finds abstention is proper.

The Court further finds that Plaintiff's claims for any equitable relief are dismissed without prejudice.  The Court stays any claims for monetary damages.  *See Graff*, 65 F.4th at 523; *see also Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) ("Although the *Younger* abstention doctrine may require a federal court to withhold action on damage claims in certain circumstances, the district court at most should have stayed rather than dismissed those claims because they cannot be redressed in the pending state proceedings.") (footnote omitted) (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("The rationale for *Younger* abstention

---

[22] In addition to the applicability of *Younger* abstention, Plaintiff's unlawful detention claim may also be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which prohibits a plaintiff from pursuing a § 1983 action that would necessarily imply the invalidity of a criminal conviction unless the conviction has been invalidated.

can be satisfied . . . by just staying proceedings on the federal damages claim until the state proceeding is final.").

## III.   Conclusion

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 17] is ADOPTED in substantial part, as set forth herein.  Plaintiff's claims for equitable relief are DISMISSED WITHOUT PREJUDICE.  Plaintiff's claims for monetary relief are STAYED pending the final conclusion of Plaintiff's state-court criminal proceeding.  And Plaintiff's Motions to Proceed In Forma Pauperis [Doc. Nos. 7 and 11] are DENIED as MOOT.[3]  An appropriate Administrative Closing Order shall be entered.

IT IS SO ORDERED this 23rd day of February, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[3] Should Plaintiff pursue this action following the finality of his state-court criminal proceedings, his in forma pauperis status should be revisited.